# IN THE COURT OF APPEALS OF IOWA

No. 21-0972
Filed January 12, 2022

**IAN LEE LEIB,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Audubon County, Jeffrey L. Larson,

Judge.

Ian Leib appeals the dismissal of his application for postconviction relief.

**AFFIRMED.**

Joel Baxter of Wild, Baxter & Sand, P.C., Guthrie Center, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

Ian Leib appeals the dismissal of his application for postconviction relief (PCR). He asserts there are genuine issues of material fact that preclude summary judgment. We affirm.

Leib was a passenger in a car stopped for traffic and equipment violations. A deputy sheriff deployed K-9 officer Axel. Axel alerted once on the driver's side of the car and twice on the passenger's side. Deputies removed Leib from the car and patted him down. A deputy found three plastic bags of methamphetamine in Leib's pocket, a metal Altoids container that had methamphetamine residue on it, and a drug pipe. His conviction for possession of methamphetamine with intent to deliver was affirmed on direct appeal. *State v. Leib*, No. 19-0558, 2020 WL 1310325, at *1 (Iowa Ct. App. Mar. 18, 2020).

In his PCR application, Leib claims his trial attorney was ineffective in failing to request and obtain Axel's training records and failing to file a motion to suppress, challenging the search on the ground that Axel was not sufficiently trained and reliable concerning the presence of a controlled substance. Specifically, Leib argues the training records failed to demonstrate the type of behavior Axel was trained to display when indicating controlled substances are present, a description of the location of any narcotic "hide" used during training, the weight of the narcotic used in training, and whether the training officer was aware of the location of the "hide." Leib argues he demonstrated the content of Axel's training records was insufficient to support a finding the dog's "sniff was up to snuff."

The United States Supreme Court has held:

If the State has produced proof from controlled settings that a dog performs reliably in detecting drugs, and the defendant has not

contested that showing, then the court should find probable cause. If, in contrast, the defendant has challenged the State's case (by disputing the reliability of the dog overall or of a particular alert), then the court should weigh the competing evidence. In all events, the court should not prescribe, as the Florida Supreme Court did, an inflexible set of evidentiary requirements. The question—similar to every inquiry into probable cause—is whether all the facts surrounding a dog's alert, viewed through the lens of common sense, would make a reasonably prudent person think that a search would reveal contraband or evidence of a crime. A sniff is up to snuff when it meets that test.

*Florida v. Harris*, 568 U.S. 237, 248 (2013).

"We typically review postconviction relief proceedings on error. However, when the applicant asserts claims of a constitutional nature, our review is de novo. Thus, we review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001) (citations omitted).

To succeed on an ineffective-assistance claim, an applicant must show (1) counsel "performed below the standard demanded of a reasonably competent attorney" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 142–43 (citation omitted). "Both elements must be proven by a preponderance of the evidence." *Id.* at 142.

The PCR court asked:

whether the motion to suppress the evidence based on the unreliability of a dog sniff would have been successfully brought. [Leib] disputes that a review of the training records read in conjunction with the prevailing case law would have led to the conclusion that the training records were adequate to establish the reliability of the K-9 officer involved. During the hearing on the matter, [Leib] correctly identified that a bona fide certification of a drug dog is not conclusive, but rather a presumption of reliability, and that a defendant has the right to present evidence to question that reliability. However, [Leib's] request that the court require a checklist at "minimum" for third party verification is not supported by precedent. The Supreme Court has not required the State produce

extensive training records that reflect a strict evidentiary checklist: "[n]o more for dogs than for human informants is such an inflexible checklist the way to prove reliability." In light of this approach, the court has adopted a totality of the circumstances approach, where evidence undermining a dog's reliability may be weighed against the dog's certification, training, and circumstances of the performance. "Even if a drug dog's 'performance record raises questions about his reliability' . . . the issue is whether 'the totality of the circumstances present at the scene' provided probable cause to search."

(Citations omitted.)

Axel is a certified K-9 officer and thus is presumed reliable. *See State v. Carson*, ___ N.W.2d ___, ___, 2021 WL 4891078, at *3 (Iowa Ct. App. 2021) ("A drug dog's reliability does not 'depend on the State's satisfaction of multiple, independent evidentiary requirements.' '[E]vidence of a dog's satisfactory performance in a certification or training program can itself provide a sufficient reason to trust his alert,' and '[i]f a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search.'" (alterations in original) (citations omitted)). Leib presented no evidence to rebut that presumption, and, therefore, counsel had no duty to file a meritless motion to suppress. *See State v. Brown*, 930 N.W.2d 840, 855–56 (Iowa 2019) (finding counsel was not ineffective in failing to raise an issue without merit). We therefore affirm.[1]

**AFFIRMED.**

---

[1] On appeal, Leib essentially argues case law has provided no substantive criteria that would allow defense counsel to challenge the reliability of a K-9 officer, which is not a claim of ineffective assistance of counsel. The court did not err in dismissing the application.